UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: | CASE NO. 17-14630 |
| Susan Workman | CHAPTER 13 |
| Debtor | JUDGE ARTHUR I. HARRIS |
| | **(383 E 327TH ST, Willowick, OH 44095)** |

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NO. 3**
**Related Doc. 38**

The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for Alternative Loan Trust 2004-28CB, Mortgage Pass-Through Certificates, Series 2004-28CB by and through its servicer Shellpoint Mortgage Servicing ("Creditor") herein responds to Debtor's Notice of Objection to Claim No. 3 Filed by New York Mellon (docket document #38). Creditor requests the Court deny Debtor's objection.

**CREDITOR IS A REAL PARTY IN INTEREST ENTITLED TO ENFORCE DEBTOR'S PROMISSORY NOTE PURSUANT TO OHIO REV. CODE 1301.201 AND 1303.38.**

Debtor claims that Creditor's proof of claim should be disallowed as Creditor is not a real party in interest. This assertion is incorrect. "The real party in interest with respect to a mortgage proof of claim and enforcement of the rights of a mortgage in a bankruptcy is the party entitled to enforce the note and its accompanying mortgage" *In re Smoak,* 461 B.R. 510, 517 (Bankr. S.D. Ohio 2011). A holder of a negotiable instrument has a right to enforce the instrument.

O.R.C. 1301.201(B)(21) defines the holder of a negotiable instrument:

> (a) If the instrument is payable to the bearer, a person who is in possession of the instrument;

(b) If the instrument is payable to an identified person, the identified person when in possession of the instrument.

Once the instrument has been negotiated, the transferee becomes the holder. See, 71 *Ohio Jur.* 3d <u>Negotiable Instruments, etc</u>. § 250; O.R.C. 1303.21; U.C.C. § 3-201. However, negotiability is not merely a transfer of paper, but a transfer of rights. 71 *Ohio Jur.* 3d <u>Negotiable Instruments, etc.</u> § 270. When an instrument is negotiated, the transferee becomes a holder with the right to enforce the instrument. O.R.C. 1303.31(A)(1). See also, U.C.C. 3-301.

Specifically, the law defines a "person entitled to enforce," as follows:

(A) "Persons entitled to enforce" an instrument means any of the following persons:
(1) The holder of the instrument;
(2) A nonholder in possession of the instrument who has the rights of a holder;
(3) A person not in possession of an instrument which has been lost, destroyed or stolen.

In this case, Creditor is entitled to enforce the subject Note as a person not in possession of an instrument which has been lost pursuant to O.R.C. 1303.38. This section states Creditor is entitled to enforce the Note if not in possession if the following requirements are met:

(A) A person not in possession of an instrument is entitled to enforce the instrument if all of the following apply:

(1) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred.

(2) The loss of possession was not the result of a transfer by the person or a lawful seizure.

(3) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

> (B) A person seeking enforcement of an instrument under division (A) of this section must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, divisions (A) and (B) of section 1303.36 of the Revised Code applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection for the person required to pay the instrument may be provided by any reasonable means.

Creditor executed a "Lost Note Affidavit". A copy of the Affidavit is attached hereto as Exhibit A. The Affidavit is accompanied by a copy of the Promissory Note between Debtor and Countrywide Home Loans, Inc. The Note is endorsed from that entity to The Bank of New York as Trustee. In the Affidavit, Creditor attested that it was in possession of the Note, that it is not able to locate the Note after a reasonable search, and that it is not lost or destroyed due to a rightful transfer to another entity. As such Creditor is entitled to enforce the Note against the Debtor.

In addition, the Federal Rules of Evidence proscribe when an original document must be used or, alternatively, when a copy of that original document can be utilized in place of the original. Generally, an original document is required to prove the content of a writing. Evid.R. 1002. However, a duplicate is admissible to the same extent as the original unless either a genuine question is raised as to the authenticity of the original or it would be unfair to admit the duplicate in lieu of the original under the circumstances. Evid.R. 1003. Moreover, it has been long established that the party seeking to exclude the duplicate has the burden of demonstrating that the duplicate should not be admitted. *National City Bank v. Fleming*, 2 Ohio App.3d 50, 440 N.E.2d 590 (Cuyahoga 1981). Here, Debtor failed to demonstrate why the Court should not

admit copy of the Note that was attached to the proof of claim.

Debtor also makes an argument that Creditor has not proven that the Note was lost while in the possession of the entity it received its interest from. This argument is flawed. Through the use of an affidavit, Creditor attested that it was either in possession and entitled to enforce said note when the loss of possession occurred, or it acquired ownership of the instrument from a person entitled to enforce the instrument when the loss of possession occurred. The Fifth District Court of Appeals recently issued a decision on a similar case, where Bank of America attested that either it, or its predecessor (as servicer or by merger) or the custodian, acquired possession of the Note prior to the loss of possession. *Bank of N.Y. Mellon Corp. for Specialty Underwriting & Residential Fin. Trust, Series 2005-BC4 V. Erickson,* 2017-Ohio-599, ¶29. The Court determined that the Affidavit of Lost Note was sufficient to establish that although the Note could not be located, the burden must be shifted to the Defendant. *Id.*

Here, Debtor did not provide any evidence in response that would contradict the information supplied in the Affidavit of Lost Note. Instead, Debtor speculates that the subject Note was never transferred out of Countrywide's possession. To make her argument, Debtor relies on a 2010 New Jersey case where Countrywide representative testified that it was customary for Countrywide to maintain possession of the original note and related loan documents. Debtor fails to provide any evidence that the same course of action was taken with the Note subject to this action. Debtor's argument is merely speculative and is not enough to contradict a sworn Affidavit of Lost Note.

# CREDITOR'S CLAIM CAN BE AMENDED TO CORRECT TYPOGRAPHICAL ERRORS AND ADD ADDITIONAL SUPPORTING DOCUMENTATION

Debtor is correct that Creditor's proof of claim includes the following language "Noteholder, directly or through an agent, has possession of the promissory note." This is standard language that Creditor includes on most of its proofs of claim because more often than not, Creditor is in possession of the Note either directly or through an agent. This proof of claim was not prepared by Creditor's attorney; it was prepared by a representative working for Creditor. Since Creditor had a copy of the Note (attached to the POC page 33), Creditor's representative erroneously added the above referenced language. This language was not used to intentionally mislead the Court or other parties. Creditor can remedy this error by removing the referenced language and filing an amended proof of claim.

Debtor seems to indicate that Creditor's proof of claim shall be disallowed because Creditor did not attach supporting documentation to its claim. Specifically, Debtor states that Federal Rule of Bankruptcy Procedure 3001(c) requires that the writing that supports the Proof of Claim be filed with the claim and if the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Failure to attach supporting documentation should not be a fatal flaw to Creditor's proof of claim. Disallowing Creditor's proof of claim for failure to attach a supporting document would be unduly prejudicial to Creditor. Creditor attached most of its supporting documentation including: escrow analysis, copy of the Promissory Note, copy of the recorded Mortgage and the Assignment of Mortgage. Allowing Creditor to amend its proof of claim to attach the Lost Note Affidavit would not unduly prejudice the Debtor. Debtor was a Defendant in Lake County Court of Common Pleas Foreclosure Case 14CF001548. Creditor filed a copy of the Lost Note Affidavit with its Complaint. Therefore, Debtor had notice of the Lost Note Affidavit; allowing

Creditor to amend its claim to attach a document Debtor was already aware of would not be unduly prejudicial to Debtor.

Debtor was aware that Creditor did not have possession of the Note; therefore, Debtor was most likely aware that the statement on the proof of claim indicating that Creditor is in possession of the Note was erroneous. Debtor was also aware that Creditor had supporting documentation attesting to the fact that the Note is lost. Creditor should be allowed to amend its claim to correct these errors.

### CREDITOR IS ENTITLED TO ENFORCE THE MORTGAGE

As it relates to the Mortgage, for nearly a century, Ohio courts have held that "whenever a promissory note is secured by a mortgage, the note constitutes the evidence of the debt, and the mortgage is a mere incident to the obligation". *U.S. Bank Nat'l Assoc. v. Marcino,* 7th Dist. No. 08 JE 2, 2009-Ohio-1178, citing *Edgar v. Haines*, 109 Ohio St. 159, 164, 141 N.E. 837 (1923). Therefore, the negotiation of a note operates as an equitable assignment of the mortgage, even if the mortgage is not assigned or delivered. *Id.*, citing *Kuck v. Sommers* (1950), 100 N.E.2d 68, 75, 59 Ohio Abs. 400.[1] See also, *Bank of New York Mellon v. Reed*, 5th Dist. No. 2013 AP 11 0044), 2014-Ohio-4243, citing *Coffey*.

Even further, the Fifth District Court of Appeals has held that when the note refers to a mortgage, and the mortgage refers to the note, the clear intent of the parties is to keep them together, and an Assignment of Mortgage may serve to transfer both the note and the mortgage. *Bank of N.Y. v. Dobbs,* 5th Dist. No. 2009-B-000002, 2009-Ohio-4742. See also, *Fed. Home Loan Mtge. Corp. v. Rufo*, 11th Dist. No. 2012-A-0011, 983 N.E.2d 406, 2012-Ohio-5930.

---

[1] But see, *Bank of N.Y. Mellon v. Roarty* (7th Dist., Mar. 26, 2012), 2012 Ohio 1471 (where the Note and Mortgage have been separated, the instant analysis is inapplicable).

Here, Creditor is the holder of the mortgage and as such may enforce it. Creditor attached a copy of the recorded mortgage and the assignment of mortgage to its proof of claim. These documents are self-authenticating under Federal Rule of Evidence 902(8) as acknowledged documents. Therefore, Creditor is entitled to enforce the mortgage.

## CONCLUSION

Creditor has established that it is entitled to enforce Debtor's Note as a real party in interest. Creditor is the holder of Debtor's Mortgage and therefore it is entitled to enforce Debtor's Mortgage. Any errors or omissions found in Creditor's Proof of Claim can be remedied by an Amended Proof of Claim. An Amended Proof of Claim would not unduly prejudice the Debtor, therefore, it should be allowed in this case. Creditor requests the Court deny Debtor's objection.

Respectfully submitted,
Clunk, Hoose Co., LPA

/S/ LeAnn E. Covey
LeAnn E. Covey (#0083289) - Ext. 2263
4500 Courthouse Blvd.
Suite 400
Stow, OH  44224
(330) 436-0300 - telephone
(330) 436-0301 - facsimile
bknotice@clunkhoose.com

## CERTIFICATE OF SERVICE

I certify that on February 21, 2018, a true and correct copy of the Response to Debtor's Objection to Proof of Claim Filed by Shellpoint Mortgage Servicing, Claim Number 3 was served:

Via the court's electronic case filing system on these entities and individuals who are listed on the court's electronic mail notice list:

Brian D. Flick, on behalf of Susan Workman, at bflick@dannlaw.com

Lauren A. Helbling, Chapter 13 Trustee, at ch13trustee@ch13cleve.com

And by regular U.S. mail, postage prepaid, on:

Susan Workman, at 383 E 327TH ST, Willowick, OH 44095

Clunk, Hoose Co., LPA

/S/ LeAnn E. Covey
LeAnn E. Covey (#0083289) - Ext. 2263
4500 Courthouse Blvd.
Suite 400
Stow, OH 44224
(330) 436-0300 - telephone
(330) 436-0301 - facsimile
bknotice@clunkhoose.com